**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| eTOYS DIRECT 1, LLC, et al.[1], | ) | Case No. 08-13412 (BLS) |
| Debtors. | ) | Jointly Administered |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. No. 10- |
| D.E. SHAW AND COMPANY, L.P. | ) | |
| Defendant. | ) | |

**COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, 549 AND 550 AND TO DISALLOW CLAIM(S) PURSUANT TO 11 U.S.C. § 502**

The Official Committee of Unsecured Creditors of eToys Direct 1, LLC, *et al.* (the "Committee" or "Plaintiff"), by and through its undersigned counsel, hereby brings this adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to Avoid and Recover Avoidable Transfers Pursuant to 11 U.S.C. §§ 547, 548, 549 and 550 and to disallow claim(s) pursuant 11 U.S.C. § 502(d) and in support thereof, and upon information and belief, alleges as follows:

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, if applicable, are: (i) eToys Direct 1, LLC (N/A); (ii) The Parent Company (7093); (iii) BabyUniverse, Inc. (7990); (iv) Dreamtime Baby, Inc. (8047); (v) eToys Direct, Inc. (7296); (vi) Posh Tots, Inc. (8660); (vii) eToys Direct 2, LLC (N/A); (viii) eToys Direct 3, LLC (N/A); (ix) Gift Acquisition, L.L.C. (0279); and (x) My Twinn, Inc. (1842) (collectively, the "Debtors").

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as this proceeding arises under or is related to a case under title 11 of the United States Code (the "Bankruptcy Code").

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O).

3. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

## PARTIES AND BACKGROUND

4. The Plaintiff is the Committee appointed by the Office of the United States Trustee on January 9, 2009, in the Debtors' bankruptcy cases.

5. Upon information and belief, D.E. Shaw and Company, L.P. (the "Defendant") is a person as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

6. On December 28, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their assets and the operation of their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code and no trustee or examiner has been appointed in the Debtors' cases.

7. On June 5, 2009, the Court entered an Order Approving Stipulation Assigning the Right to Prosecute Certain of the Debtors' Claims to the Committee [D.I. No. 588]

(the "Order") which authorizes the Committee to prosecute this cause of action under Chapter 5 of the Bankruptcy Code on behalf of the Debtors' estates.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)

8. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 7 above, as if fully stated herein.

9. On or within the ninety (90) days prior to the Petition Date (the "Preference Period"), the Defendant received from the Debtors one or more transfers by check, wire transfer, or their equivalent (individually and collectively, the "Transfers").

10. The Transfers include, but are not limited to, those listed on Exhibit "A" attached hereto.[2]

11. Each of the Transfers constitutes a transfer of an interest in property of the Debtors.

12. Each of the Transfers was made or caused to be made, directly to or for the benefit of the Defendant.

13. The Transfers were made, or caused to be made, for or on account of one or more antecedent debs owed by Debtors to the Defendant prior to the date on which such Transfer was made.

14. The Defendant was a creditor of the Debtors at the time of the Transfers within the meaning of Section 101(10)(A) of the Bankruptcy Code.

---

[2] The information set forth in Exhibit "A" is based on the Debtors' books and records. The Plaintiff reserves its rights to supplement and/or amend this information as necessary and appropriate.

15. At the time of each of the Transfers, the Defendant had a right to payment on account of an obligation owed to the Defendant by the Debtors.

16. The Transfers were to or for the benefit of a creditor within the meaning of Section 547(b)(1) of the Bankruptcy Code because the Transfers either reduced or fully satisfied a debt then owed by the Debtors to the Defendant.

17. The Transfers were made for or on account of an antecedent debt for which the Debtors were legally bound to pay and the Transfers were made within the meaning of Section 101(12) of the Bankruptcy Code.

18. The Transfers were made while the Debtors were insolvent.

19. As a result of the Transfers, the Defendant received more than it would have received if:

(a) The Debtors' bankruptcy cases were cases under Chapter 7 of the Bankruptcy Code;

(b) The Transfers had not been made; and

(c) The Defendant had received payment on its debt to the extent provided by the provisions of the Bankruptcy Code.

20. Based on the foregoing, the Plaintiff is entitled to avoid the Transfers pursuant to Section 547(b) of the Bankruptcy Code.

## COUNT II
## (Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548)

21. Pleading in the alternative, the Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 20 above, as if fully stated herein.

22. To the extent that any one or more of the Transfers including, but not limited to, those identified on Exhibit "A" were not on account of an antecedent debt owed by

the Debtors, then the Debtors received less than a reasonably equivalent value in exchange for such Transfer.

23. Any and all Transfers were made while the Debtors:

(a) Were insolvent on the date the Transfer was made or became insolvent as a result of the Transfer; or

(b) Were engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital; or

(c) Intend to incur, or believed that the Debtors would incur, debts that would be beyond the Debtors ability to pay as such debts matured.

24. The Transfers were made within two (2) years prior to the Petition Date.

25. Based on the foregoing, the Plaintiff is entitled to avoid any such Transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

**COUNT III**
**(Avoidance of Post-Petition Transfers Pursuant to 11 U.S.C. § 549)**

26. Pleading in the alternative, the Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 25 above, as if fully stated herein.

27. After the Petition Date, to the extent the Debtors transferred and/or caused the Transfers to be transferred, to or for the benefit of the Defendant, each of those Transfers represented payments by the Debtors to the Defendant for services rendered and/or good delivered pre-petition.

28. The Transfers constitute one or more post-petition transfers of property of the estate that is authorized only under Section 303(f) or 542(c) of the Bankruptcy Code or is not authorized under the Bankruptcy Code or by the Bankruptcy Court.

29. Based on the foregoing, the Plaintiff is entitled to avoid the Transfers pursuant to Section 549 of the Bankruptcy Code.

**COUNT IV**
**(Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)**

30. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 29 above, as if fully stated herein.

31. To the extent that the Transfers are avoided under Sections 547, 548 or 549 of the Bankruptcy Code, the Plaintiff is entitled to recover, for the benefit of the estates of the Debtors, the Transfers or the value of the Transfers from the Defendant or any immediate or mediate transferee of the Defendant pursuant to Section 550(a)(1) of the Bankruptcy Code.

**COUNT V**
**(Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))**

32. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 31 above, as if fully stated herein.

33. Section 502(d) of the Bankruptcy Code provides, in relevant part, that the claim of any entity or transferee receiving a payment that is avoidable under Sections 547, 548 or 549 of the Bankruptcy Code, shall be disallowed unless the entity or transferee turns over the payment, or value of the payment, to the estate.

34. The Defendant has not paid or surrendered to the Plaintiff the Transfers and, therefore, any unsecured claim which the Defendant has filed must be disallowed.

## RESERVATION OF RIGHTS

35. The Plaintiff reserves the right to bring all other claims or causes of action that the Plaintiff might have against Defendant, on any and all grounds, as allowed under the law or in equity.

WHEREFORE, the Plaintiff respectfully requests that the Bankruptcy Court enter relief and judgment in his favor and against the Defendant as follows:

(a) Declaring that the Transfers identified herein (and any other Transfers from the Debtors to the Defendant during the Preference Period, or during the one (1) year period prior to the Petition Date if the Defendant was an insider, that discovery may reveal) are avoided and set aside as preferences under Section 547 of the Bankruptcy Code;

(b) Declaring that the Transfers identified herein (and any other Transfers from the Debtors to Defendant made during the two (2) year period prior to the Petition Date, that discovery may reveal) are avoided and set aside as fraudulent transfers under Section 548 of the Bankruptcy Code;

(c) Declaring that the Transfers identified herein (and any other Transfer from the Debtors to Defendant subsequent to the Petition Date, that discovery may reveal) are avoided and set aside as post-petition transfers under section 549 of the Bankruptcy Code;

(d) Directing and ordering that the Defendant, or any immediate or mediate transferee of the Defendant, turn over to the Plaintiff, the full amount of or value of the Transfers (and any other avoided Transfers

discovered after the date of this Complaint) pursuant to Section 550 of the Bankruptcy Code;

(e) Awarding judgment against Defendant and in favor of Plaintiff in an amount equal to:

(i) The full amount of the Transfers (and any other avoided Transfers discovered after the date of this Complaint);

(ii) Pre-judgment interest at the maximum legal rate running from the time of the Transfer until the date of judgment herein;

(iii) Post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full; and

(iv) Fees and costs incurred by Plaintiff in this suit; and

(f) Disallowing any and all claims of the Defendant against the Debtors' estates under Section 502(d) of the Bankruptcy Code; and

(g) Such other and further relief as is necessary and proper.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: July 15, 2010
Wilmington, Delaware

Respectfully submitted,

WHITEFORD TAYLOR PRESTON LLC

/s/ Thomas J. Francella, Jr.
Thomas J. Francella, Jr., Esquire (ID #3835)
Chad J. Toms, Esquire (ID # 4155)
1220 N. Market Street
Suite 608
Wilmington, DE 19801
Telephone: 302.353.4144
Facsimile: 302.661.7950
tfrancella@wtplaw.com
ctoms@wtplaw.com

and

Justin Fasano (MD Bar No. 28659)
Seven Saint Paul Street, Suite 1300
Baltimore, MD 21202
Telephone: 410.347.9482
jfasano@wtplaw.com

Counsel for the Official Committee of
Unsecured Creditors